FILED
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS

OCT 21 2026

CLERK, US BANKRUPTCY COURT

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| JESSICA ESCUE, | § | |
| Debtor. | § | |
| | § | |
| STEPHEN McKAY HARCUS, | § | |
| Movant, | § | |
| | § | |
| v. | § | |
| | § | |
| JESSICA ESCUE, Debtor, and | § | Case No. 26-43461 |
| MARK A. WEISBART, Trustee, | § | |
| Respondents. | § | Chapter 7 |

**DEBTOR'S OBJECTION TO MOVANT STEPHEN McKAY HARCUS' MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO RESIDENTIAL REAL PROPERTY AT 1929 N. LAKE TRAIL, DENTON, TEXAS 76201 (DOC. 7)**

COMES NOW, Jessica Escue, Debtor Pro Se, and files this Objection to the Motion for Relief from Automatic Stay filed by Movant Stephen McKay Harcus, and respectfully shows the Court as follows:

## PRELIMINARY STATEMENT

This Court sits as a court of equity. Movant seeks extraordinary relief under 11 U.S.C. § 362(d) to pursue a residential eviction against the Debtor. However, Movant's application fails at the threshold. Movant cannot establish statutory "cause" because the underlying tenancy dispute is the direct product of Movant's own serial procedural failures, deliberate refusal of properly tendered rent, and manufactured defaults built upon fundamentally flawed financial claims.

## I. THRESHOLD PROCEDURAL FAILURES & CONTRADICTORY RECORD EVIDENCE

### A. The Initial Judicial Determination of Defective Notice & Written Rent Refusal (The First Eviction)

Movant's initial attempt to terminate Debtor's tenancy collapsed due to a fatal, foundational statutory notice defect. In that initial eviction proceeding, Movant served an improper Notice to Vacate demanding unconditional surrender of the premises rather than providing the mandatory statutory opportunity to pay or vacate. Furthermore, during the initial July rental payment attempt, Movant and his property manager explicitly refused rent in writing on July 8, 2026, establishing an early pattern of rejecting tender while pursuing termination.

During the subsequent appeal proceedings in County Court at Law No. 2 (Cause No. CV-2026-03863-JP), the court reviewed counsel's own submitted ledger records and explicitly determined on the record that June rent was not under dispute. Because Movant's notice was premised on a claimed default that the court had already rejected, the notice failed as a matter of law. This judicial ruling established on the record that Movant's underlying financial claims were fundamentally flawed and that Movant failed to satisfy mandatory non-bankruptcy notice requirements from the outset.

### B. Statutory Non-Compliance of Electronic Service & Contradictory Record Evidence

Rather than correcting the statutory defects established in the prior state court proceeding, Movant's second eviction attempt fails to satisfy mandatory notice prerequisites under Texas Property Code § 24.005.

While Movant's counsel asserted via email on September 10, 2026, that a "Notice to Pay or Vacate" had been transmitted, the underlying forwarded electronic message from property manager Marci Farr contained no attached Notice to Vacate instrument and no embedded statutory notice text (Debtor's Exhibit 6). Forwarding electronic correspondence that merely references an unattached or unofficial notice does not constitute simultaneous, formal service of a statutory Notice to Vacate under Texas Property Code § 24.005. Such improper transmission fails as a matter of law to meet the strict non-bankruptcy service prerequisites required to terminate a residential tenancy.

Furthermore, while Movant attaches a September 8 notice demanding $10,690.95 as Movant's Exhibit D to his Motion, this document was never properly served upon the Debtor. To date, Debtor has never received certified mail or physical delivery of any statutory Notice to Vacate regarding the second September 2026 eviction action, nor has Debtor signed any postal return receipt green card acknowledging service of such notice (Debtor's Exhibit 7). Beyond the total

failure of service, Movant's own Motion and record exhibits explicitly demonstrate four irreconcilable, shifting monetary demands:

- Movant's attached Justice Court eviction petition reflects a demand of $10,040.95 (Movant's Exhibit C);
- Movant's unserved September 8 notice asserts $10,690.95 (Movant's Exhibit D);
- Counsel Rebecca Vaughn's September 10 email demand asserts a third, conflicting figure of $10,740.95 (Debtor's Exhibit 6); and
- Movant's Motion filed in this Court expands the assertion to $12,500.00, while Paragraph 5 of his Motion admits that his attached ledger (Movant's Exhibit B) "leaves out all late fees and adds October rent."

All of Movant's demands continue to improperly incorporate the $2,500.00 June rent balance, directly defying the prior ruling of County Court at Law No. 2 establishing on the record that June rent was not under dispute. Movant's assertion in Paragraph 4 of his Motion that Debtor's June payment was reversed is unsupported by any evidence, and Movant bears the burden of proving it.

Movant has not established statutory "cause". Furthermore, Movant's pro se filing—while relying entirely on state court exhibits generated by his retained counsel—creates an unverified evidentiary discrepancy regarding service, amounts owed, and shifting ledger figures before this Court.

### C. The Lease Is Property of the Chapter 7 Estate Under 11 U.S.C. § 365(d)(1)

Under 11 U.S.C. § 365(d)(1), an unexpired residential lease remains property of the Chapter 7 bankruptcy estate, and the Chapter 7 Trustee is granted the statutory administration framework to evaluate, assume, or reject the lease. Movant's attempt to bypass the Trustee and force an expedited termination is legally premature and improper. Movant cannot divest the Chapter 7 Trustee of estate property or determine the status of the lease by declaration. Whether the lease is assumed or rejected is governed by § 365, and that question is separate from whether the automatic stay should be lifted.

## II. ABSENCE OF STATUTORY "CAUSE" & THE UNBROKEN CHAIN OF MANUFACTURED DEFAULT

To obtain relief under Section 362(d)(1), the burden rests entirely upon Movant to demonstrate "cause," typically evidenced by a bona fide, un-remedied monetary default. Here, no legitimate default exists because Movant intentionally manufactured the default through a continuous pattern of refusing rent.

Debtor took immediate, proactive, and repeated steps to maintain compliance and resolve ledger discrepancies. On July 7, 2026, Debtor issued formal certified correspondence addressing third-party payment portal system failures and requesting a contractually compliant method to remit rent (Debtor's Exhibit 2). When those efforts were met with a written refusal on July 8, 2026 (see Debtor's Exhibit 3, including bank records demonstrating no attempt to withdraw payment due to portal system errors rather than insufficient funds), Movant proceeded with an eviction action that was ultimately determined to be procedurally unlawful.

Subsequent to that judicial disposition, Debtor issued formal written correspondence on September 4, September 9, and September 10, demanding that Movant produce a verified, accurate accounting excluding sums previously determined not to be in dispute, and seeking a contractually compliant payment mechanism (Debtor's Exhibit 4).

Rather than addressing the defects raised, Movant's counsel failed to provide substantive responses to Debtor's formal correspondence. Specifically, following counsel Rebecca Vaughn's acknowledgment of Debtor's September 4 letter to the landlord, and subsequently Debtor's official correspondence addressed to counsel directly on September 10, counsel instructed Debtor to cease direct communication with the landlord and The Mardia Group—in direct conflict with subsequent pro se filings and counsel's own demands for payment delivery—while failing to address or resolve contractual inquiries raised in Debtor's certified correspondence regarding amounts owed and payment mechanisms (Debtor's Exhibit 6). Instead, counsel insisted upon the physical tender of a contested amount of certified funds ($10,740.95) to remote locations beyond Debtor's accessible geographic area, demanding hand-delivery to her office or to the very property management entities she explicitly prohibited Debtor from contacting. Furthermore, Debtor was not in possession of reliable, safe transportation to undertake a four-hour round-trip excursion merely to satisfy a contested and shifting demand for payment. Additionally, counsel maintained monetary assertions incorporating sums previously adjudicated as not in dispute, without offering a legal or factual basis for doing so. Because Movant failed to satisfy threshold statutory notice requirements under applicable non-bankruptcy law, and because a party cannot obstruct performance, reject tender, create conflicting delivery demands, and subsequently assert the resulting non-payment as statutory "cause," Movant fails to establish entitlement to relief under 11 U.S.C. § 362(d).

Furthermore, Movant's current demands continue to recycle and incorporate funds (such as June rent) that the state court already determined on the record were not in dispute. By artificially inflating post-appeal monetary demands to include previously resolved sums as a mandatory condition for tenancy, Movant has constructed an illegitimate, unverified barrier to cure. As demonstrated by the shifting and inconsistent numbers across Movant's various notices, email demands, and court filings, Movant's financial claims are a moving target

designed to manufacture a false default. Shifting financial claims cannot constitute "cause" under equity or law.

**Rebuttal to 11 U.S.C. § 362(d)(2):** Movant's reliance on 11 U.S.C. § 362(d)(2) is legally misplaced. Subsection 362(d)(2) applies to real property equity and reorganization structures, whereas the subject matter here is an unexpired residential lease governed by § 365. Debtor does not hold real estate equity title in the fee simple property; rather, the tenancy is a possessory leasehold interest belonging to the Chapter 7 estate. Because Movant cannot establish the prerequisite property equity standards under § 362(d)(2), relief under this subsection fails as a matter of law.

**Post-Petition Obligations & Adequate Protection:** Movant's claim of inadequate protection is unfounded. Debtor is fully prepared to address ongoing post-petition obligations in accordance with the standard statutory framework governing Chapter 7 leaseholds, and the sole barrier to payment remains Movant's systematic refusal to provide an accurate, stable accounting and a contractually compliant payment method, choosing instead to advance shifting financial targets to manufacture default.

## III. EQUITABLE BAR TO RELIEF & UNCLEAN HANDS: PRETEXTUAL FILING TO DEFEAT DENTON COUNTY RETALIATION SUIT

Movant filed this Motion for Relief from Stay in bad faith as a pretext to defeat Debtor's statutory retaliation lawsuit pending in the 431st Judicial District Court of Denton County, Texas (Cause No. 26-10223-431), where Debtor sued Movant directly for unlawful, retaliatory eviction actions.

Prior to Movant's eviction attempts, Debtor engaged in protected tenant actions under the Texas Property Code, including: (1) formal written demands under Texas Property Code § 24.005 and § 92.153 demanding code-compliant security devices and door lock repairs after being improperly told to pay for them herself (Debtor's Exhibit 1); and (2) emergency municipal code enforcement complaints regarding uninhabitable 89-degree indoor temperatures and air conditioning failures that required direct municipal intervention (Debtor's Exhibit 1).

Movant's serial, procedurally defective eviction filings were initiated in direct temporal proximity to these protected actions. Movant now seeks to utilize the bankruptcy forum to bypass non-bankruptcy statutory liabilities, evade judicial accountability in the Denton County District Court litigation, and leverage an artificial default built upon rejected monetary demands. Under established equity principles, a movant who instigates pretextual litigation and comes to court with unclean hands cannot invoke the equitable powers of this Court to lift

the automatic stay.

## EPILOGUE: DEBTOR'S CONTINUOUS DEMONSTRATION OF GOOD FAITH

At all times relevant to this tenancy, Debtor has acted with utmost good faith, repeatedly attempting in writing—including formal notices on June 24, 2026 (Debtor's Exhibit 1), July 7, 2026 (Debtor's Exhibit 2), September 4, 2026, September 9, 2026 (Debtor's Exhibit 4), and September 10, 2026 (Debtor's Exhibit 5)—to settle undisputed obligations and secure a reliable payment mechanism.

Debtor respectfully requests that this Court recognize Movant's threshold procedural invalidity, fatal notice defects, and complete absence of statutory cause supporting Movant's defective application, and dismiss or deny the Motion.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Debtor respectfully requests that this Court enter an order:

DISMISSING OR DENYING Movant's Motion for Relief from Automatic Stay under 11 U.S.C. § 362(d) in its entirety based on Movant's threshold procedural failures and failure to establish valid service of statutory notice;

FINDING that Movant has failed to satisfy statutory prerequisites under applicable non-bankruptcy law and failed to establish bona fide statutory "cause"; and

GRANTING Debtor such other and further relief, at law or in equity, to which Debtor may show just entitlement.

Respectfully submitted,

Jessica Escue, Debtor Pro Se
1929 N Lake Trail
Denton, TX 76201
972-505-6932
Jessicamescue@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2026, a true and correct copy of the foregoing Debtor's Objection to Motion for Relief from Automatic Stay was served via First Class U.S. Mail, postage prepaid, upon the following parties:

- **Movant (Pro Se):**
  Stephen McKay Harcus
  2604 Starling Street
  Denton, TX 76205
- **State Court Counsel for Movant (Courtesy Copy):**
  Rebecca Vaughn
- **Chapter 7 Trustee:**
  Mark A. Weisbart
  10501 N. Central Expressway, Suite 106
  Dallas, TX 75231-2203
- **Office of the U.S. Trustee:**
  Office of the United States Trustee
  1100 Commerce Street, Room 976
  Dallas, TX 75242

____________________________
Jessica Escue, Debtor Pro Se

## INDEX OF EXHIBITS ATTACHED HERETO

- Debtor's Exhibit 1: Debtor's Certified Letter to Property Manager re: Lock Repairs & Code Compliance (June 24, 2026), with Municipal Code Enforcement Complaint (July 29, 2026)
- Debtor's Exhibit 2: Debtor's Certified Letter re: Good Faith Attempt to Pay Rent & Portal Failure (July 7, 2026)
- Debtor's Exhibit 3: Landlord/Property Manager's Written Refusal of Rent (July 8, 2026), with Attached Bank Statements Proving Portal System Failure
- Debtor's Exhibit 4: Debtor's Certified Letters to Landlord and Counsel re: Good Faith Payment Method & Ledger Request (September 4 & September 9, 2026)

- Debtor's Exhibit 5: Debtor's Written Response to Counsel re: Defective Notice & Unreasonable Demands (September 10, 2026)
- Debtor's Exhibit 6: Email Chain from Counsel Rebecca Vaughn & Marci Farr re: Empty Notice Forward, $10,740.95 Demand, & Payment Restrictions (September 10, 2026)
- Debtor's Exhibit 7: Declaration of Jessica Escue Regarding Service

DEBTOR'S EXHIBIT 1

Jessica Escue
1929 N Lake Trail
Denton, TX 76201

June 24, 2026
Macy Farr
The Mardia Group
825 Market Street, Bldg. M #250
Allen, TX 75013

**SENT VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

**RE: Formal Notice of Security Breach and Demand for Lock Repair at 1929 N Lake Trail**

Dear Macy Farr,

Following a theft and trespassing incident, your client, Stephen Harcus, was contacted by myself and a Denton Police Department Detective regarding Case #2612129. You and your client have refused to provide the requested Ring camera footage. Due to the ongoing harassment by your client, the involvement of The Mardia Group, and Mr. Harcus's explicit request that all communication go through you, I have blocked Mr. Harcus's communication via phone and email. Please hereby notify your client to cease all unauthorized trespassing at my residence now or in the future for the purpose of retrieving mail, purported maintenance visits, or any other unscheduled reason. I will no longer accept, store, or deliver mail or packages for your client; any such items will be marked "RTS" (Return to Sender).

The front door lock at 1929 N Lake Trail is broken and non-functional, leaving the residence completely insecure. This is a violation of Texas Property Code § 92.153 and § 92.156, which mandate that all exterior doors be equipped with functioning security devices. Furthermore, the property is currently non-compliant with the requirement for a keyless bolting device under § 92.153.

**I am demanding that you dispatch a licensed and bonded locksmith to repair the door and install the required keyless bolting device within 48 hours of your receipt of this notice.**

Please notify me in writing at Jessicamescue@gmail.com of the locksmith's identity and scheduled arrival time. I will only grant access to a licensed, bonded professional and only at the front door.

**If you fail to provide a bonded locksmith to remedy these conditions within 48 hours of your receipt of this letter, I will exercise my right under Texas Property Code § 92.164 to hire an independent, licensed, and bonded locksmith to perform these repairs myself. I will then deduct the full, reasonable cost of these services from my next rent payment.**

Sincerely,

Jessica Escue
*Jessicamescue@gmail.com*

---------- Forwarded message ---------
From: **Dixon, Christina** <Christina.Dixon@cityofdenton.com>
Date: Wed, Jul 29, 2026 at 10:54 AM
Subject: Rental Complaint 1929 N Lake Trail
To: marci@TMGPROP.com <marci@tmgprop.com>, Chris@TMGPROP.com <Chris@tmgprop.com>
CC: Jessicamescue@gmail.com <Jessicamescue@gmail.com>

Good Afternoon All,

I received a complaint from your tenant Jessica Escue, residing at 1929 N Lake Trail regarding her air conditioning.
She is stating the inside temperature is over 84 degrees and this would be in violation. She is stating she has yet to hear back from anyone to abate this issue.
I have an inspection scheduled at her residence for tomorrow at 12:00 pm.
Please feel free to meet me on site if you'd like.

Please provide me with an ETA on getting this AC issue remedied.
Due to the inclement weather we are experiencing we hope to gain your compliance in a timely manner, typically no longer than 24 hours.

Please call me or reply to my email as soon as possible.
I look forward to receiving your reply.

Thank you,

Christina

**Christina Dixon**

**Community Improvement Services Officer**

**401 North Elm St, Denton, TX 76201**

**940-349-7481 Office 940-222-1854 Cell**

Christina.Dixon@cityofdenton.com

DEBTOR'S EXHIBIT 2

Jessica Escue
1929 N Lake Trail
Denton, TX 76201

July 7, 2026

**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

The Mardia Group
825 Watters Creek Blvd, Bldg M, Ste #250
Allen, TX 75013

**RE: Notice of Good Faith Attempt to Pay Rent – 1929 N Lake Trail, Denton, TX 76201**

Dear Property Management,

I am writing to formally address the status of my rent payment for the month of July 2026 for the property located at 1929 N Lake Trail, Denton, TX 76201.

On July 3, 2026, I attempted to submit my rent payment via the newly appointed management company's online portal. I am formally clarifying that I have not agreed to this third-party payment processor as a mandatory method of payment. Per Paragraph 4C of my lease, the authorized methods for payment are cashier's check, electronic payment, money order, or personal check. The lease does not stipulate that payment must be made via a specific third-party portal.

My efforts to fulfill my rental obligations have been continually obstructed. Previously, Mr. Harcus demanded payments through an unapproved system, which resulted in duplicate payments that remain unrefunded. Now, I have been forced to use an alternative third-party payment processing portal which is currently experiencing a critical, system-wide failure. While I properly initiated the payment, the portal failed to request the funds from my account at Mercury Bank. Furthermore, due to your blocking of further online payments through your portal, I cannot reinitiate the payment. This action serves as a clear retaliatory measure to refuse the rent payment through any means stated as acceptable by The Mardia Group, acting as property manager for Stephen Harcus.

Please be advised that I am ready, willing, and able to pay the full July rent immediately. As the current electronic system is non-functional and is not a contractually required method of payment, I am formally requesting that you provide me with a contractually compliant, alternative method to remit the full payment today.

Please provide these instructions in writing at your earliest convenience. I remain committed to fulfilling my lease obligations and look forward to your prompt response to resolve this issue in accordance with the terms of my lease.

Sincerely,

Jessica Escue
jessicamescue@gmail.com

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

ALLEN TX 75013

OFFICIAL USE

Certified Mail Fee $5.30

Extra Services & Fees (check box, add fee as appropriate)
- ☐ Return Receipt (hardcopy) $ $0.00
- ☐ Return Receipt (electronic) $ $0.00
- ☐ Certified Mail Restricted Delivery $ $0.00
- ☐ Adult Signature Required $ $0.00
- ☐ Adult Signature Restricted Delivery $

Postage $0.78

Total Postage and Fees $6.08

Postmark Here

0204
02

06/24/2026

Sent To: Macy Farr The Mardia Group
Street and Apt. No., or PO Box No.: 825 Market St. Bldg. M #250
City, State, ZIP+4®: Allen, TX 75013

9589 0710 5270 4057 6701 21

PS Form 3800, January 2023 PSN 7530-02-000-9047 See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
The Mardia Group
825 Watters Creek Blvd.
Bldg. M, Suite #250
Allen, TX 75013

9590 9402 9920 5335 0080 31

2. Article Number (Transfer from service label)
9589 0710 5270 4057 6771 13

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature: Sherry Ferren ☒ Agent ☐ Addressee

B. Received by (Printed Name): Sherry Ferren

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☐ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053 Domestic Return Receipt

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
THE MARDIA GROUP
825 WATTERS CREEK BLVD
BLDG M, STE #250
ALLEN TX 75013

9590 9402 9511 5069 3659 63

2. Article Number (Transfer from service label)
9589 0710 5270 4098 1065 73

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature: Sherry Ferren ☐ Agent ☐ Addressee

B. Received by (Printed Name): Sherry Ferren

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☐ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053 Domestic Return Receipt

DEBTOR'S EXHIBIT 3

---------- Forwarded message ---------
From: **Marci Farr** <communications@mardia.mailer.appfolio.us>
Date: Wed, Jul 8, 2026 at 2:44 PM
Subject: Online payment rejected
To: <jessicamescue@gmail.com>

Hello Jessica, as you know your online payment for July rent was rejected due to Insufficient Funds therefore you are in breach of your lease. We have been advised to not accept payment and to proceed with eviction.

Please let us know if you will willingly move or if we need to go through the eviction process?

Thank you~

MERCURY

April 2026 statement
April 1, 2026-April 30, 2026 (30 days)
All dates in UTC

## Intermedium Studios LLC

2850 North Bonnie Brae Street, 415
Denton, TX 76207

EIN ••6130

## Account details

| | |
|---|---|
| Account Type | Checking |
| Account Number | 650334336693156 |
| Routing Number | 121145433 |

## Account activity

| | |
|---|---|
| Beginning Balance | $1.98 |
| Total withdrawals | -$5,000.00 |
| Total deposits | $5,000.01 |
| Statement balance | $1.99 |

All Transactions /

| Date (UTC) | Description | Type | Amount | End of Day Balance |
|---|---|---|---|---|
| Apr 02 | #MXT BASELANE | ← ACH In | $0.01 | $1.99 |
| Apr 28 | MARK A ANDERSON | ← ACH In | $5,000.00 | |
| | BASELANE* RENT#F | → ACH Pull | –$2,500.00 | |
| | BASELANE* RENT#F | → ACH Pull | –$2,500.00 | $1.99 |
| Total | | | | $1.99 |

Dispute Requested by Landlord

MERCURY

June 2026 statement
June 1, 2026–June 30, 2026 (30 days)
All dates in UTC

## Intermedium Studios LLC

2850 North Bonnie Brae Street, 415
Denton, TX 76207

EIN ••6130

ⓘ Mercury regenerated this statement on July 10, 2026. If you have any questions or would like to access the previous version of this statement, you can contact us at help@mercury.com.

## Account details

| | |
|---|---|
| Account Type | Checking |
| Account Number | 650334336693156 |
| Routing Number | 121145433 |

## Account activity

| | |
|---|---|
| Beginning Balance | $0.91 |
| Total withdrawals | –$3,117.03 |
| Total deposits | $3,118.81 |
| Statement balance | $2.69 |

All Transactions /

| Date (UTC) | Description | Type | Amount | End of Day Balance |
|---|---|---|---|---|
| Jun 02 | CLAIMANGEL | ← ACH In | $3,000.00 | $3,000.91 |
| Jun 03 | Atmos Energy | ••9511 | –$51.56 | |
| | AnimalBiome | ••9511 | –$114.75 | |
| | BASELANE* RENT#H | → ACH Pull | –$2,500.00 | |
| | Denton County | ••9511 | –$46.92 | $287.68 |
| Jun 04 | Tyler Technologies | ••9511 | –$3.50 | |
| | Tyl*denton Co Serv Fee | ••9511 | –$1.38 | |
| | Denton Municipal Electric | ••9511 | –$72.02 | $210.78 |
| Jun 05 | Mercury Credit | → Credit Account Payment | –$80.20 | |
| | Mercury IO Cashback | ← Credit Cashback Deposit | $1.20 | |
| | Downtowner Massage | ••9511 | –$123.30 | |
| | Panera Bread | ••9511 | –$10.60 | –$2.12 |
| Jun 16 | Jessica Escue | ← ACH In | $5.61 | $3.49 |
| Jun 17 | DAVE | → ACH Pull | –$3.00 | $0.49 |
| Jun 19 | Jessica Escue | ← ACH In | $57.00 | $57.49 |
| Jun 20 | Buddy Moving | ••9511 | –$50.00 | $7.49 |
| Jun 21 | Panera Bread | ••9511 | –$2.17 | |
| | Taco Bueno | ••9511 | –$4.74 | $0.58 |
| Jun 23 | Jessica Escue | ← ACH In | $55.00 | $55.58 |
| Jun 24 | Howdy Doody | ••9511 | –$5.00 | |
| | D & L Farm and Home | ••9511 | –$43.98 | |
| | USPS | ••9511 | –$0.66 | $5.94 |
| Jun 25 | Panera Bread | ••9511 | –$1.08 | $4.86 |
| Jun 28 | Panera Bread | ••9511 | –$2.17 | $2.69 |
| Total | | | | $2.69 |

MERCURY

July 2026 statement
July 1, 2026–July 31, 2026 (31 days)
All dates in UTC

## Intermedium Studios LLC

2850 North Bonnie Brae Street, 415
Denton, TX 76207

EIN ••6130

## Account details

| | |
|---|---|
| Account Type | Checking |
| Account Number | 650334336693156 |
| Routing Number | 121145433 |

## Account activity

| | |
|---|---|
| Beginning Balance | $2.69 |
| Total withdrawals | −$2,922.28 |
| Total deposits | $3,104.97 |
| Statement balance | $185.38 |

All Transactions /

| Date (UTC) | Description | Type | Amount | End of Day Balance |
|---|---|---|---|---|
| Jul 03 | Panera Bread | ••9511 | −$2.17 | $0.52 |
| Jul 07 | Allivet | ••9511 | −$0.01 | $0.51 |
| | [RETURN] BASELANE April 2 disputed Amt | ← ACH Pull | $2,500.00 | |
| | Sanger Vehicle Storage | ••9511 | −$411.62 | |
| | 7-Eleven | ••9511 | −$24.00 | |
| | Discount Tire | ••9511 | −$41.12 | $2,023.77 |
| Jul 10 | Atmos Energy | ••9511 | −$78.06 | |
| | Georges Services | ••9511 | −$836.28 | |
| | Tina Oliver, Licen | ••9511 | −$75.00 | |
| | Denton County Cp Srv F | ••9511 | −$3.54 | |
| | Fetas | ••9511 | −$17.97 | |
| | Denton County Cscd Cp | ••9511 | −$120.00 | |
| | Take 5 Oil Change | ••9511 | −$148.49 | |
| | Albertsons | ••9511 | −$5.41 | $739.02 |
| Jul 11 | State Farm Insurance | ••9511 | −$407.51 | |
| | Frontier Communications | ••9511 | −$49.96 | |
| | South State Bk | ••9511 | −$183.50 | $98.05 |
| Jul 12 | El Taco H | ••9511 | −$38.92 | $59.13 |
| Jul 13 | Grand Nail Spa | ••9511 | −$55.00 | $4.13 |
| Jul 15 | Starbucks | ••9511 | −$3.52 | $0.61 |
| Jul 17 | Jessica Escue | ← ACH In | $5.60 | |
| | Disney+ | ••9511 | −$5.39 | $0.82 |
| Jul 20 | DAVE | ← ACH In | $32.69 | $33.51 |
| Jul 21 | Natural Grocers | ••9511 | −$23.77 | $9.74 |
| Jul 22 | Panera Bread | ••9511 | −$9.24 | |
| | Denton Public Library North Branch | ••9511 | −$0.50 | $0.00 |
| Jul 27 | Jessica Escue | ← ACH In | $165.11 | |
| | Mercury | ← ACH In | $148.49 | |
| | Dave | → ACH Pull | −$60.00 | |
| | Dave | → ACH Pull | −$3.00 | |
| | Jessica Escue | ← ACH In | $13.34 | $263.94 |
| Jul 28 | El Taco H | ••9511 | $38.92 | |
| | Keller All Creatures Animal Clinic | ••9511 | −$61.50 | |
| | Aliza Kelly | ••9511 | −$20.00 | |
| | D & L Farm and Home | ••9511 | −$23.99 | |
| | Midway | ••9511 | −$8.42 | $188.95 |
| Jul 29 | Luna Grill | ••9511 | −$20.22 | |
| | QuikTrip | ••9511 | −$27.00 | |
| | Amazon | ••9511 | −$27.70 | |
| | Panera Bread | ••9511 | −$1.08 | |
| | Walmart | ••9511 | −$15.08 | |
| | Panera Bread | ••9511 | −$12.97 | |
| | Denton Public Library North Branch | ••9511 | −$0.20 | |
| | Dave | ← ACH In | $30.00 | |

All Transactions /

| Date (UTC) | Description | Type | Amount | End of Day Balance |
|---|---|---|---|---|
| | Dave | ← ACH In | $25.00 | $139.70 |
| Jul 30 | RaceTrac | ••9511 | −$18.00 | |
| | Howdy Doody | ••9511 | −$4.00 | |
| | Pet Supermarket | ••9511 | −$74.67 | |
| | Denton Public Library North Branch | ••9511 | −$0.75 | $42.28 |
| Jul 31 | El Taco H | ••9511 | −$2.72 | |
| | Jessica Escue | ← ACH In | $28.16 | |
| | Jessica Escue | ← ACH In | $117.66 | $185.38 |
| Total | | | | $185.38 |

DEBTOR'S EXHIBIT 4

Jessica Escue
1929 N Lake Trail
Denton, TX 76201
972-505-6932
Jessicamescue@gmail.com

September 4, 2026

**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

Stephen Harcus
2604 Starling St
Denton, TX 76205

**Re: In Reference to My Tenancy at the Address Listed, 1929 N Lake Trail, Denton, TX 76201**

Dear Mr. Harcus:

I am writing to formally request the following in connection with the above-referenced tenancy:

**1. Good-Faith Method for Rent Payment**
I am requesting that you provide a contractually agreed-upon, good-faith method by which I may pay rent going forward. Please identify the specific method or methods of payment you will accept, other than cash, so that rent can be tendered and accepted without further dispute.

As we have previously discussed, placing cashier's checks in the mail to you presents a risk due to the possibility of loss and the resulting delay in payment. I therefore ask that you provide a reasonable method by which I can ensure your receipt of my payments, as well as your good-faith commitment to accept and apply any future payments I submit through that method, rather than returning or refusing them.

Additionally, I have significant concerns about payments processed through the tenant portal maintained by The Mardia Group, given prior disputes in which a payment I submitted through that portal was reported to the Court as returned, though I was able to demonstrate that no such transaction had been processed on my account. Given this history, I believe it is in both of our interests that agreed payment methods be identified beyond the Mardia Group's payment portal, which I am blocked from, so that future payments can be reliably confirmed as submitted and received.

**2. Documentation of Any Amounts Claimed Owed**
To the extent you contend that any rent or other amount is currently owed, I am requesting a detailed, itemized ledger or accounting substantiating that claim, along with any supporting documentation. Please provide this accounting so that any discrepancy can be identified and resolved.

Please respond in writing within a reasonable time. I remain committed to submitting my rental payments in a timely and proper manner, and I am confident that a reliable, mutually agreed-upon method for payment and receipt will resolve the disruptions described above.

Sincerely,

Jessica Escue

Jessica Escue
1929 N Lake Trail
Denton, TX 76201
972-505-6932
Jessicamescue@gmail.com

September 9, 2026

**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

Stephen Harcus
2604 Starling St
Denton, TX 76205

**Re: In Reference to My Tenancy at the Address Listed, 1929 N Lake Trail, Denton, TX 76201**

Dear Mr. Harcus:

I am writing to formally request the following in connection with the above-referenced tenancy:

**1. Good-Faith Method for Rent Payment**
I am requesting that you provide a contractually agreed-upon, good-faith method by which I may pay rent going forward. Please identify the specific method or methods of payment you will accept, other than cash, so that rent can be tendered and accepted without further dispute.

As we have previously discussed, placing cashier's checks in the mail to you presents a risk due to the possibility of loss and the resulting delay in payment. I therefore ask that you provide a reasonable method by which I can ensure your receipt of my payments, as well as your good-faith commitment to accept and apply any future payments I submit through that method, rather than returning or refusing them.

Additionally, given The Mardia Group's demonstrated bad faith in connection with this tenancy, I am requesting that any agreed-upon method of payment remittance not involve The Mardia Group, so as to avoid affording further opportunity for similar bad-faith conduct with respect to any monies submitted or owed under this tenancy.

**2. Documentation of Any Amounts Claimed Owed**
To the extent you contend that any rent or other amount is currently owed, I am requesting a detailed, itemized ledger or accounting substantiating that claim, along with any supporting documentation. Please provide this accounting so that any discrepancy can be identified and resolved.

Please respond in writing within a reasonable time. I remain committed to submitting my rental payments in a timely and proper manner, and I am confident that a reliable, mutually agreed-upon method for payment and receipt will resolve the disruptions described above.

Sincerely,

Jessica Escue

**U.S. Postal Service™ CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*
For delivery information, visit our website at www.usps.com®.
OFFICIAL USE
Denton, TX 76205
Certified Mail Fee $5.55
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $4.10
☐ Return Receipt (electronic) $0.00
☐ Certified Mail Restricted Delivery $0.00
☐ Adult Signature Required $0.00
☐ Adult Signature Restricted Delivery $
Postage $0.82
Total Postage and Fees $11.07
Postmark Here: USPS FLOWER MOUND TX 75028 — 09/04/2026
Sent To: Stephen Harcus Attention: Rental Ledger / Dismissal
Street and Apt. No., or PO Box No.
City, State, ZIP+4®
PS Form 3800, January 2023 PSN 7530-02-000-9047 See Reverse for Instructions

9589 0710 5270 3920 6553 88

## SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
Stephen Harcus
2604 Starling St.
Denton, TX 76205

9590 9402 0303 6148 0329 98

2. Article Number (Transfer from service label)
9589 0710 5270 3920 6553 88

## COMPLETE THIS SECTION ON DELIVERY

A. Signature
X ☐ Agent ☐ Addressee
B. Received by (Printed Name) C. Date of Delivery
D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053 Domestic Return Receipt

---

**U.S. Postal Service™ CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*
For delivery information, visit our website at www.usps.com®.
OFFICIAL USE
Denton
Certified Mail Fee $5.55
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $4.10
☐ Return Receipt (electronic) $0.00
☐ Certified Mail Restricted Delivery $0.00
☐ Adult Signature Required $0.00
☐ Adult Signature Restricted Delivery $
Postage $0.82
Total Postage and Fees $11.07
Postmark Here: DENTON MPO TX 76201 — SEP 09 2026 — 09/09/2026
Sent To: Stephen Harcus Attn: Rental Ledger / Demand
Street and Apt. No., or PO Box No.
City, State, ZIP+4®
PS Form 3800, January 2023 PSN 7530-02-000-9047 See Reverse for Instructions

9589 0710 5270 4106 5364 08

## SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
Stephen Harcus
2604 Starling St.
Denton, TX 76205

9590 9402 9955 5335 5111 24

2. Article Number (Transfer from service label)
9589 0710 5270 4106 5364 08

## COMPLETE THIS SECTION ON DELIVERY

A. Signature
X [signature] ☐ Agent ☐ Addressee
B. Received by (Printed Name): Stephen Harcus
C. Date of Delivery: 9/14/2026
D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053 Domestic Return Receipt

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

---

## SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
Rebecca T. Vaughn

## COMPLETE THIS SECTION ON DELIVERY

A. Signature
X ☐ Agent ☐ Addressee
B. Received by (Printed Name) C. Date of Delivery
D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
...ignature
...ignature Restricted Delivery
...Mail®
...Mail Restricted Delivery
...on Delivery
...Delivery Restricted Delivery
...il
...il Restricted Delivery
...00)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

**U.S. Postal Service™ CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*
For delivery information, visit our website at www.usps.com®.
OFFICIAL USE
Ennis, TX 75119
Certified Mail Fee $5.55
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $4.10
☐ Return Receipt (electronic) $0.00
☐ Certified Mail Restricted Delivery $
Postmark Here: DENTON SDC TX 76201

...0 4057 6690 95

DEBTOR'S EXHIBIT 5

Jessica Escue
1929 N Lake Trail
Denton, TX 76201
972-505-6932
Jessicamescue@gmail.com

September 10, 2026

Rebecca T. Vaughn
101 S Dallas St, Ste 200
Ennis, TX 75119

Dear Ms. Vaughn,

No Notice to Vacate has been received.

The Court has already established that I did not owe rent for June, and no valid evidence has been submitted to dispute that finding.

Any returned-payment fees or late fees assessed against payments that were refused or left unprocessed are not lawfully chargeable.

I remain willing to pay rent in full once a lawful, agreed-upon amount has been established; until then, I do not intend to submit a partial payment against a disputed and unverified balance.

Any further retaliatory eviction action will be met with action to pursue the statutory penalties available under law.

I do not have transportation to Allen or Ennis, and any expectation that I travel to either location is not supported by the lease and is not reasonable.

I have blocked your email address. Please direct all further correspondence to me, or to my legal representative, by certified mail.

Regards,

Jessica Escue

DEBTOR'S EXHIBIT 6

---------- Forwarded message ---------
From: **Jessica Escue** <jessicamescue@gmail.com>
Date: Thu, Sep 10, 2026 at 12:09 PM
Subject: Re: No Notice to Pay or Vacate
To: Becca Vaughn <becca@joycelindauer.com>

On Thu, Sep 10, 2026 at 10:17 AM Becca Vaughn <becca@joycelindauer.com> wrote:

Good morning, Jessica -

We are in receipt of your letter to Mr. Harcus dated September 4, 2026. **Moving forward, and until you are told otherwise, all communication with the owner and/or the Mardia Group, should go through me and my office, only.** Any inquiries made directly to Mr. Harcus or the Mardia Group will be ignored while this instruction is in place.

In response to your September 4, 2026 letter, and in support of our Notice to Pay or Vacate sent on September 8, 2026, I am attaching your tenant ledgers and supporting documentation regarding returned payments.

Payment in the amount of $10,740.95 must be made by **cashier's check or money order** and must be delivered by hand to either (1) the Mardia Group between the hours of 8:30 am - 5 pm, or (2) my office at the location below between the hours of 8:30 - 5 pm. Please note, the Mardia Group closes between the hours of noon and 1 pm each day for lunch. As we have documentational evidence that you received the Notice to Pay or Vacate on September 8, 2026, we will be filing our Petition for Eviction on Monday, September 14, 2026, should you fail to either pay or vacate by then.

Thank you,

Becca Vaughn

LINDAUER & VAUGHN
ATTORNEYS AT LAW

REBECCA T. VAUGHN
Attorney

(972) 503-4033 (phone) · (972) 503-4034 (fax) · (972) 9
117 S. Dallas Street, Ennis, Texas 75119

**CONFIDENTIALITY STATEMENT**

This electronic mail transmission contains information which is confidential or privileged. The information is intended to be for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited and may be punishable by law. If you have received this electronic mail in error, please notify the sender and delete the electronic mail from your computer immediately.

**NO ELECTRONIC SIGNATURE OR AGREEMENT**

Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.

---

**From:** Marci Farr <communications@mardia.mailer.appfolio.us>
**Sent:** Tuesday, September 8, 2026 6:05 PM
**To:** jessicamescue@gmail.com <jessicamescue@gmail.com>
**Cc:** Becca Vaughn <becca@joycelindauer.com>
**Subject:** Notice to Pay or Vacate

Hello Jessica, please find attached the Notice to Pay or Vacate the property. We are unsure if you collected the funds paid into the registry but we are not taking those into consideration. We are willing to accept funds in full paid at our office in the form of a cashiers check.

Our address is:

The Mardia Group

825 Watters Creek Blvd.

Bldg. M, Ste. 250

Allen, Texas 75013

Please let us know if you have any questions.

Our address is:

The Mardia Group

825 Watters Creek Blvd.

Bldg. M, Ste. 250

Allen, Texas 75013

Please let us know if you have any questions.

Letter_to_Rebecca_Vaughn.pdf

PDF

Reply

Forward

**DEBTOR'S EXHIBIT 7**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION**

| | | |
|---|---|---|
| In re: JESSICA ESCUE, Debtor. | § | |
| STEPHEN McKAY HARCUS, Movant, | § | |
| v. | § | |
| JESSICA ESCUE, Debtor, and | § | Case No. 26-43461 |
| MARK A. WEISBART, Trustee, Respondents. | § | Chapter 7 |

**DECLARATION OF JESSICA ESCUE UNDER 28 U.S.C. § 1746 REGARDING SERVICE OF NOTICE**

I, Jessica Escue, declare:

1. I am the Debtor in this case. I am over 18 and have personal knowledge of the facts below.

2. I reside at 1929 N Lake Trail, Denton, Texas 76201.

3. I have not received, by certified mail, a Notice to Pay Rent or Vacate dated September 8, 2026, and I have not signed a postal return receipt for any such notice.

4. No Notice to Pay Rent or Vacate was hand-delivered to me or affixed to the door of my residence.

5. The September 10, 2026 email forwarded from the property manager, a true copy of which is Debtor's Exhibit 6, contained no attached notice and no notice text.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 21, 2026, at Denton, Texas.

______________________________
Jessica Escue