# EXHIBIT B

Debtor's Rule 408 Settlement Proposal and Release Agreement

**SUBJECT: CONFIDENTIAL RULE 408 SETTLEMENT PROPOSAL & CONDITIONAL TENDER OF PAYMENT**

Dear Mr. Harcus,

I write now solely in response to your undated correspondence mailed on October 26, 2026. Having been instructed to cease all communication, I have initiated none since.

Thank you for acknowledging my good faith demand for a contractually recognized payment option dated September 4 and 9, to which your attorney replied instructing me to cease all further communication with yourself and your agents at The Mardia Group, and additionally thank you for implicitly acknowledging finally my good faith demand letter dated July 7, 2026, Debtor's Exhibit 2 in my Objection to your Motion for Removal of the Automatic Stay.

Reference to your copy of said objection will demonstrate that the July 7 good faith letter you do not cite in your correspondence early on addressed allegations that my July rent payment was returned for insufficient funds, but you will see in referencing Debtor's Exhibit 3 that the funds from the April 2 rental payment—which you asked me in writing to dispute—were returned after 96 days at 12:01 AM and fully available to cover the July 7 attempted withdrawal by The Mardia Group's payment portal. The Exhibit documents also demonstrate that no attempt to withdraw a payment on July 7, 2026 was made as well as including your and your agents' written refusal of rent, where they directly state that you, "Advised [The Mardia Group] to not accept payment and to proceed with eviction."

In good faith, I fully replaced the April rent payment on April 28 at your request, paid May rent early, and remitted June rent in full on June 2, all before ever receiving back from my bank the funds you asked me to dispute, submitted to you on April 2. At no point did I refuse or fail to pay my rent until your written refusal of an adequate tender on July 8, 2026. If you had immediately acknowledged my letter dated July 7, as you have now four months later, determined to acknowledge my repeated post appeal conversion letters dated September 4 and September 9 for the exact same, repeat request, you would have been paid for July rent in full and we would neither of us be in the current scenario before us.

Instead, based upon Marci Farr's statements that you advised The Mardia Group to refuse my July rental payment and to proceed with eviction (Debtor's Exhibit 3), your pending eviction proceeding you preserve as valid, as well as your prior eviction which I successfully overturned in County Court, are unlawful and retaliatory under Tex. Prop. Code § 92.331.

Regarding your request for the Chapter 7 Trustee to take over my pending District Court lawsuit for these two retaliatory evictions: my statutory and retaliation claims were fully and properly disclosed on my bankruptcy schedules from the outset. Judicial estoppel does not apply. The Trustee cannot extinguish these claims, and my right to pursue full statutory and

actual damages against you in District Court remains intact.

In response to your request that I pay post-petition rent, in preservation of your current retaliatory and procedurally defective eviction, I submit to you this correspondence in order to resolve all tenancy matters prior to the November 17, 2026 Bankruptcy Court hearing while avoiding costly District Court litigation. I am offering a final structured resolution to settle all obligations under our active lease through February 28, 2027.

**Offset & Settlement Calculation**

Rather than litigating full actual damages, costs, and fee-shifting remedies in District Court, I am voluntarily limiting my claims to the minimum statutory penalties provided by Tex. Prop. Code § 92.333 for these two retaliatory evictions, emergency packing expenses incurred on September 3, 2026 (necessary to vacate under threat of removal), and the retained deposits, and I am forgoing all other damages available to me.

Statutory Retaliation Damages (Tex. Prop. Code § 92.333): $6,000.00 (Statutory penalty of one month's rent [$2,500] plus $500, per unlawful filing, for 2 unlawful filings)

Emergency Packing Expenses: $6,889.00 (Costs directly caused by your unlawful eviction filing, requiring an emergency crew to pack my entire household in a single day prior to appellate reversal)

Retained Deposits: $3,000.00 (Security and further animal rehabilitation deposits retained without statutory accounting)

**Total Offset: $15,889.00**

Applying this $15,889.00 offset against total rent due under the lease from July 2026 through February 28, 2027 ($20,000.00) leaves a net settlement payment of $4,111.00 to fully satisfy all obligations and conclude the tenancy upon surrender.

**Payment & Authorization Mechanics**

Enclosed is Check No. 1002 for $4,111.00, drawn on my standard rental payment account. This account requires my manual approval after the check is deposited and before it clears my bank.

Rent for January and February 2027 is not yet due under the lease. By tendering payment now, I am prepaying through the end of the lease term to demonstrate my good faith and my trust that you will allow me to occupy the property in peace, without further harassment, retaliation, or eviction.

The authorization process works as follows:

1. Execution: You sign and return the attached Settlement Agreement and file a Notice of Withdrawal with Prejudice regarding your Motion for Relief from Stay in Case Number 26-43461.

2. Deposit: You deposit Check No. 1002.

3. Clearance: Upon receipt of the executed agreement and copy of the court filing, I will approve the positive-pay clearance to release the $4,111.00 to your bank to settle all remaining post-petition rent owed after the contractually agreed upon offset to your enclosed ledger outlined above.

4. Subsequent to clearance of Check No. 1002, I will file a Motion to Withdraw my complaint for statutory retaliation and other related damages with the 431st District Court, Cause No. 26-10223-431, with permission of the Trustee.

5. You agree to allow me the continued possession of the property at 1929 N Lake Trail, Denton, TX 76201 through the culmination date of February 28, 2027 as set forth in my unexpired lease.

It may be prudent, if you are amenable, to exercise this agreement prior to the § 341 meeting of creditors on November 5, 2026, in order to obtain the Trustee's review and approval of its terms. The Trustee may make his own determinations on these matters at or after that meeting, and those determinations may affect the availability of this proposal. This proposal is made subject to any approval of the Trustee and the Bankruptcy Court required by law.

My offer for a Rule 408 Settlement Proposal to balance the equities in no way waives, dismisses or removes my rights to litigate the District Court matter to the fullest extent of the law and pursue all remedies available to me under that or any other applicable law, and nothing herein shall be construed as an admission or a waiver should this proposal not be accepted and executed.

Sincerely,

Jessica Escue

Pro Se Debtor

# RULE 408 CONFIDENTIAL SETTLEMENT AGREEMENT AND MUTUAL RELEASE OF ALL CLAIMS

## PARTIES

This Settlement Agreement and Mutual Release ("Agreement") is entered into this ____ day of November, 2026, by and between Jessica Escue ("Tenant" / "Debtor Pro Se") and Stephen McKay Harcus ("Landlord").

## RECITALS

A. Tenant is the resident of the real property located at 1929 N Lake Trail, Denton, TX 76201 ("Premises") under an active lease terminating on February 28, 2027.

B. Debtor is currently a debtor in Chapter 7 Bankruptcy, Case No. 26-43461, pending in the United States Bankruptcy Court for the Eastern District of Texas.

C. Landlord has filed a Motion for Relief from the Automatic Stay in said bankruptcy case, and has initiated or threatened eviction proceedings against Tenant.

D. Tenant has a pending civil lawsuit against Landlord in the 431st District Court, Cause No. 26-10223-431, asserting statutory retaliation under Tex. Prop. Code § 92.331 and related damages.

E. Landlord explicitly acknowledged in writing on October 26, 2026, Tenant's good faith demand for an independent payment mechanism separating leasehold transactions from the administrative operations of The Mardia Group.

F. The parties desire to settle all outstanding leasehold obligations, post-petition rental claims, and civil damages to avoid the cost and uncertainty of protracted litigation.

## AGREED TERMS

### 1. Financial Settlement & Lawful Statutory Offset

The parties explicitly agree to settle all lease payments due from July 2026 through the lease culmination date of February 28, 2027 (totaling $20,000.00 gross lease value) via a negotiated, structured offset of mutual claims pursuant to Tex. Prop. Code § 92.333, and both concede that June rent is not contested or owed. The calculations are agreed upon as follows:

| | |
|---|---|
| Gross Lease Obligations (July 2026 – Feb 2027): | $20,000.00 |
| Less: Statutory Retaliation Penalties (§ 92.333) (Two unlawful eviction filings): | -$6,000.00 |
| Less: Actual Moving/Emergency Packing Damages: | -$6,889.00 |
| Less: Retained Security & Rehabilitation Deposits: | -$3,000.00 |
| **NET SETTLEMENT PAYMENT DUE TO LANDLORD:** | **$4,111.00** |

**2. Conditional Payment Mechanics & Prepayment Covenants**

Tenant has delivered to Landlord Check No. 1002 in the amount of $4,111.00, representing full, complete, and final satisfaction of all pre-petition and post-petition rental obligations through February 28, 2027. Landlord acknowledges that because this total includes the unaccrued prepayment of January and February 2027 rent, it is offered early and in good faith to demonstrate Tenant's absolute commitment to an amicable resolution. The clearing of this check is subject to the following express conditions precedent:

- Execution: Landlord must fully execute and deliver this Agreement to Tenant.
- Court Filing: Landlord must file a Notice of Withdrawal with Prejudice regarding the Motion for Relief from Stay in Bankruptcy Case No. 26-43461, providing a file-stamped copy to Tenant.
- Release of Funds: Upon verified receipt of the fully executed Agreement and file-stamped withdrawal notice, Landlord may immediately deposit Check No. 1002 and Tenant shall manually authorize and override the positive-pay fraud protection on Tenant's rental bank account, allowing Check No. 1002 to clear immediately. Landlord agrees that any attempt to deposit this check without fulfilling these conditions shall render the tender void.

**3. Peaceable Possession, Right to Occupy & Release of Associative Corporate Claims**

Landlord hereby rescinds, drops, and promises to dismiss with prejudice all pending or planned eviction actions against Tenant. Landlord covenants that Tenant shall enjoy quiet, unharassed, and uninterrupted peaceable possession of the Premises at 1929 N Lake Trail, Denton, TX 76201 through the remaining duration of the lease term ending February 28, 2027. Landlord executes this agreement individually and on behalf of his management entities, confirming that this settlement fully releases, extinguishes, and satisfies all associative corporate claims, demands, or operational actions brought by, through, or under The Mardia Group.

**4. Dismissal of District Court Claims & Trustee Review**

This Agreement is explicitly made subject to the review and non-objection of the Chapter 7 Bankruptcy Trustee at or after the § 341 Meeting of Creditors scheduled for November 5, 2026.

Subsequent to the unconditional clearance of Check No. 1002 and Trustee authorization, Tenant will file a Motion to Withdraw Complaint with Prejudice in the 431st District Court, Cause No. 26-10223-431, fully concluding the retaliation litigation.

**5. Mutual Release of All Claims**

Upon the unconditional clearance of Check No. 1002 and Trustee authorization, and subject to the terms of this Agreement, Landlord releases and forever discharges Tenant, and Tenant releases and forever discharges Landlord, from any and all claims, demands, and causes of action, known or unknown, arising from or relating to the tenancy at the Premises through February 28, 2027, including without limitation all eviction proceedings, all claims for rent and charges, and all claims for retaliation and related damages asserted in the 431st District Court, Cause No. 26-10223-431. Nothing in this release extinguishes either party's obligations under this Agreement.

**6. No Admission of Liability**

This Agreement represents a compromise of disputed claims and is executed solely to buy peace and balance equities. Neither this agreement, nor any act performed pursuant to it, shall be construed as an admission of liability or wrongdoing by either party in any forum.

IN WITNESS WHEREOF, the parties execute this agreement below:

| | |
|---|---|
| ______________________________ | ______________________________ |
| Jessica Escue, Tenant / Debtor Pro Se | Stephen McKay Harcus, Landlord |
| Date: _______________ | Date: _______________ |